RECEIVED
AUG 17 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SUSAN H. GASSIOTT, et al | CIVIL ACTION NO. 1:13-0869 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| USA | MAG. JUDGE KIRK |

## MEMORANDUM RULING

Before the court is the "United States' Motion for Summary Judgment" (R. #20) wherein the mover seeks judgment in its favor pursuant to Federal Rule of Civil Procedure 56(b) because plaintiff cannot prove the applicable standard of care and the causal connections between the physician's alleged negligence and the plaintiff's injuries. The basis of the government's position is plaintiff's failure to submit an expert report to demonstrate this element of plaintiff's case.

## FACTUAL STATEMENT

Roger Gassiott died on June 18, 2009 as a result of cancer. Plaintiffs are Susan H. Gassiott, the surviving spouse, and Mr. Gassiott's children, Jacob B. Gassiott, Anton W. Gassiott, and Gralin D. Gassiott.[1] Plaintiffs allege that defendant was negligent by failing to diagnose and treat Mr. Gassiott's cancer.[2]

---

[1] Complaint, R. #1.
[2] Plaintiffs allege that Mr. Gassiott's death was caused through the negligence and fault of employees of the Alexandria Veterans Affairs Healthcare System, agents of the United States.

1

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-

---

[3] Fed. R. Civ. P. 56(c).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[6] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[7] Anderson, 477 U.S. at 249.
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[10]

## LAW AND ANALYSIS

In this medical malpractice suit, the government maintains that the suit must be dismissed because plaintiffs cannot establish negligence. The government informs the court that plaintiffs have not designated an expert or provided the government with an expert opinion/report to support the specific allegations of negligence or medical malpractice. This court's Standing Order Governing Pretrial Procedures expressly provides that expert reports must be provided at least one-hundred twenty days before the trial date.[11] The trial of this matter is September 8, 2015. As of August 6, 2015, the court was informed by defense counsel that plaintiffs have not designated an expert witness and no expert report had been provided.

The government has designated Christopher Snead, M.D. as its expert witness in the fields of hematology and oncology. Dr. Snead opined that Mr. Gassiott's cancer was detected at the earliest time possible concluding that the Alexandria VA health care providers met the appropriate standard of care.[12]

Applying the duty/risk analysis under Louisiana Civil Code Article 2315, the court will inquire of the following: (1) was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred; (2) did the

---

[9] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[10] Anderson, 477 U.S. at 249-50.
[11] The court directed counsel to obtain the undersigned's Standing Order Governing Pretrial Procedures and Pretrial statement in ¶ 7 of the Scheduling Conference Order issued on September 5, 2013 at www.lawd.uscourts.gov. (R. #4).
[12] Government exhibit A, declaration of Christopher Snead, M.D.

3

defendant owe a duty to the plaintiff; (3) was the duty breached; and (4) was the risk and harm caused within the scope of protection afforded by the duty breached.[13]

A plaintiff bears the burden of establishing every essential element of the claim by a preponderance of the evidence.[14] Under Louisiana law, a medical malpractice plaintiff must prove the following as prescribed by Louisiana Revised Statute 9:2794A: (1) the applicable standard of care/ the degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians under similar circumstances; (2) a breach of that standard; and (3) as a proximate result of that breach that the plaintiff suffered injuries that he would not have otherwise suffered.[15]

Louisiana courts rely on expert witnesses in the medical profession to determine whether or not the plaintiff has sustained his burden in a medical malpractice case.[16] Medical expert opinions are necessary for the court to determine whether the defendant (1) possessed the requisite degree of skill or knowledge; or (2) failed to exercise reasonable care and diligence.[17] In the absence of expert testimony that establishes a standard of care and a breach thereof, a plaintiff in a medical malpractice action has not presented sufficient factual support to establish a genuine issue of fact regarding the applicable standard of care or a breach

---

[13] In re W. Feliciana Acquisition, L.L.C., 744 F.3d 352, 359-60 (5th Cir. 2014); Roberts v. Beniot, 605 So.2d 1032, 1041-42 (La. 1991); Mart v. Hill, 505 So.2d 1120, 1122 (La.1987); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La. 1972); Dixie Drive-It Yourself System, 137 So.2d 298, 302 (La. 1962).
[14] Buffitt v. White, 645 So.2d 631, 638 (La.App. 4th Cir. 1994), writ denied, 651 So.2d 269 (La. 1995); Mouton v. Sears Roebuck, 748 So.2d 61, 65-66 (La.App. 3rd Cir. 1999), writ denied, 754 So.2d 232 (La. 2000); Pierrotti v. St. Paul Fire & Marine Ins. Co., 273 So.2d 363, 365 (La.App. 3rd Cir. 1973), writ denied, 275 So.2d 868 (La.1973).
[15] Maddox v. United States, 770 F.Supp.320, 321 (W.D. La. 1991); affd., 956 F.2d 264 (5th Cir. 1992); Byrd v. La. Dept. Pub.Safety and Corr., 637 So.2d 114, 122 (La. 1994); Reinke v. Kordisch, 134 So.3d 176, 181 (La.App.3rd Cir. 2014); Lee v. Wall, 726 So.2d 1044 (La.App. 2nd Cir. 1999)).
[16] Sewell v. United States, 629 F.Supp. 448, 455 (W.D. La. 1984); Janney v. Pearce, 40 So.3d 285, 290 (La.App. 1st Cir. 2010), writ denied, 45 So.3d 1078 (La. 2010).
[17] Martin v. East Jefferson General Hospital, 582 So.2d 1272 (La. 1991); Samaha v. Rau, 977 So.2d 880, 884 (La. 2008); Lee v. Wall, 726 So.2d 1044, 1046 (La.App. 2nd Cir. 1999).

thereof.[18] Plaintiff has the burden of proving the applicable standard of care, the physician's violation of the applicable standard of care, and the causal connection between the physician's alleged negligence and the plaintiff's injuries.[19]

Plaintiffs maintain that no expert testimony is required in certain cases where negligence can be inferred because the physician does an obviously careless act. Plaintiffs rely on Pfiffner v. Correa,[20] wherein the court stated that an expert opinion/report is not necessary "where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body." Plaintiffs argue that it is obvious that the physicians and staff at the VA who failed to diagnose Mr. Gassiott's cancer were negligent.

The government has presented the expert opinion of Dr. Christopher Snead which indicates that the proper standard of care was provided by the Alexandria VA health care providers, and his cancer was detected at the earliest clinical time possible.[21] Because plaintiffs failed to designate an expert witness and/or provide an expert opinion and report, there is no evidence in the record that defendant breached the standard of care or that the injury was caused by the alleged breach. Thus, plaintiffs have failed to carry their burden of proof in this case.

---

[18] Wall, 726 So.2d at 1046.
[19] Pugh v. Beach, 722 So.2d 442, 444 (La.App. 2nd Cir. 1998).
[20] 643 So.2d 1228, 1233 (La. 1994).
[21] Government exhibit A.

## CONCLUSION

For the reasons set forth above, the court finds that there is no genuine issue of fact for trial, and therefore will grant the government's motion for summary judgment dismissing plaintiffs' claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 17th day of August, 2015.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

6